UNITED STATES OF AMERICA,

        Plaintiff,

v.                                               Case No. 18-40059-DDC

THOMAS S. FRITZEL (01),
KEELA LAM (02),

        Defendants.

**MEMORANDUM AND ORDER GRANTING
DEFENDANTS' MOTION TO ISSUE RULE 17 SUBPOENA**

Defendants Thomas S. Fritzel and Keela Lam, moving under Fed. R. Crim. P. 17(c), have

asked the court to issue a subpoena duces tecum to the City of Lawrence, Kansas. Their motion,

Doc. 49, asks for a subpoena seeking certain records for the 12th & Oread Tax Increment

Financing District and the 12th & Oread Transportation Development District. Defendants

originally presented this request on an ex parte basis, and the court denied that ex parte motion.

Doc. 48. It concluded that the original motion had failed to demonstrate why the court should

hear it entirely on an ex parte basis, as this court's cases require. *See United States v. Daniels*,

95 F. Supp. 2d 1160, 1163 (D. Kan. 2000). An entirely ex parte proceeding seemed especially

unwarranted here because the putative recipient of the subpoena was a state-governmental entity.

And thus, it seemed likely that the United States and the public generally likely would learn

about the subpoena.

In its decision on defendants' ex parte motion, the court explained that it would consider

issuing the requested subpoena if defendants filed a publicly available motion. But, the court

recognized, requiring defendants to provide their rationale for the records sought by the

subpoena in a publicly available motion would prejudice defendants unfairly. Namely, providing

defendants' rationale to the government would require defendants to share their case theory and other trial strategy with the prosecutor. The court thus granted defendants leave to file that portion of their motion on an ex parte basis. Defendants responded with a new motion, Doc. 49, and filed their rationale for requesting this subpoena in the ex parte filing the court had permitted. Docs. 49 & 50.

This approach limited the prosecution's visibility. Specifically, the government only could see Doc. 49, and it did not have access to the extensive rationale provided in defendant's ex parte Memorandum, Doc. 50. Reasonably believing that defendants had provided a skeletal, conclusory motion, the government has now filed an Opposition. Doc. 51. It objects to the defendants' motion. Defendants filed a publicly-assessible reply countering the government's Opposition. Doc. 52.

The court has decided to overrule the government's objection and grant defendants' motion. The court thus orders the Clerk to issue the requested subpoena to the City of Lawrence under Rule 17(c). The explanation provided in defendants' ex parte filing satisfies the standards imposed by Rule 17, and the cases construing it. Also, the court concludes that issuing the subpoena will expedite the trial and minimize the burden imposed on the jurors empaneled for it. The subpoena, contrary to the government's objection, isn't a fishing expedition. Instead, it seeks documents that have a demonstrated potential to be relevant. Defendants cannot otherwise procure the records without the subpoena, and they cannot prepare effectively for trial without having access to them before trial. Finally, nothing suggests that defendants' request lacks good faith. *United States v. Nixon*, 418 U.S. 683, 699-700 (1974).

The court recognizes that the process the court has directed defendants to follow compromises the general rule against fully visible, adversarial proceedings. But this process is

the best one available under the circumstances.  It permits the non-issuing party—here, the

government—to know about the request and the documents it would seek, should the subpoena

issue.  It allows the court to review the rationale for requesting the subpoena, insuring that Rule

17's processes and standards are not abused.  And finally, it permits the subpoena's proponent to

preserve its trial strategy and case theory.  This approach balances the equities appropriately.

Nothing requires the government to share its case theory with defendants.  And, Article II

agencies sometimes issue administrative subpoenas to assist the Department of Justice's work

investigating and prosecuting criminal charges.  The government has not explained why the court

should deprive defendants of access to compulsory process to accumulate their defense

materials.[1]

The government's Opposition makes two final arguments.  Rule 17(c) provides that the

court "may" require the recipient to submit the responsive records to the court who, in turn, may

permit the parties to inspect all or any part of them.  *Id.* at 698.  The government argues that

defendants "flout the Federal Rules of Criminal Procedure [by] demanding that the documents be

produced" to defendants' counsel in Arizona.  Doc. 51 at 3.  The government's argument is

partially correct, as Rule 17 provides that the issuing court "may direct" the witness to produce

the designated items in court, before trial or use at trial.  While the court has required strict

compliance with this process in some instances, it is unnecessary here.  None of the requested

records appears to present a privilege or privacy concern for anyone other than the subpoena's

recipient.  If the subpoena will present such a concern for the City of Lawrence, it is a

---

[1]    The government also suggests defendants' motion is premature because defendants filed the
motion before the September 16, 2019 *deadline* for pretrial motions.  Doc. 51 at 2.  But a "deadline" is
just that, a date *by which* a party must file its motion, not, as the government oddly suggests, the date *on
which* a party must file the motion.  In any event, the government fails to establish why the court should
force defendants to wait five months to request and obtain evidence potentially important to the
development of their defense strategy.

sophisticated governmental entity whose lawyers surely will raise any such concern. The government's argument is particularly perplexing because defendants' proposed order requires defendants to provide the United States with access to all records provided "in a timely manner." In contrast, the court is persuaded that requiring the City of Lawrence to produce the records at counsel's office in Phoenix, Arizona, might impose a needless burden on the City of Lawrence. Though this is unlikely in the digital age of record production, the court nonetheless directs the Clerk to issue a subpoena requiring production of the records at Mr. Lemon's office in Topeka, Kansas.

Finally, defendants' motion asks that the order issuing the subpoena include a "records-custodian affidavit pursuant to Rule 902(11) of the Federal Rules of Evidence." Doc. 49 at 1. Defendants have supplied no authority authorizing the court to direct that a Rule 17(c) subpoena include such an Affidavit. While it might make sense someday for the City of Lawrence to provide a custodian's affidavit that could satisfy the authentication requirement, the court declines to imposes that as part of the subpoena that the Clerk will issue under Rule 17.

**THEREFORE, IT IS ORDERED THAT** defendants' Motion for Production of Documents and Objects [Under] Fed. R. Crim. P. 17(c) (Doc. 49) is granted in part and denied in part. The Clerk of the Court shall issue the subpoena sought by Doc. 49. But the subpoena shall require the recipient to produce the designated records at the law offices of counsel of record Thomas G. Lemon, Cavanaugh, Biggs & Lemon, PA, 2942A Southwest Wanamaker Drive, Suite 100, Topeka, Kansas, 66614 on or before April 30, 2019.

**IT IS FURTHER ORDERED THAT** defendants' counsel must provide the United States with copies of all records provided by the City of Lawrence within five days of receipt.

**IT IS FURTHER ORDERED THAT** defendants' request for issuance of a custodian's affidavit as part of the Rule 17(c) subpoena is denied.

**IT IS SO ORDERED.**

**Dated this 8th day of April, 2019, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**
